5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 28 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| NEW HOLLAND NORTH AMERICA, INC., § § Plaintiff., § § v. § § ATLANTIC TRADING, INC. d/b/a § TRACTOR-TEX and WILLIAM CURRAN, § § Defendants. § | CIVIL ACTION No. B-01-162 |

## ORDER

BE IT REMEMBERED that on the 25th day of September 2001, the Court considered the Plaintiff's request for a Temporary Restraining Order. Because the Plaintiff has not shown a substantial threat of irreparable harm, the request is hereby DENIED.

An ex parte temporary restraining order is an extraordinary remedy, available only where a plaintiff shows: a) a substantial likelihood of success on the merits; b) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is denied; c) that the threatened injury outweighs any harm the injunction might cause defendants; and d) that the injunction is in the public interest. See Women's Medical Center of Northwest Houston v. Bell, 248 F.3d 411 n.15 (5th Cir. 2001)). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Lionhart v. Foster, 100 F. Supp.2d 383, 392 (E.D. La. 1999) citing Deerfield Medical Ctr. v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981). Plaintiff's request for a Temporary Restraining Order fails to establish such credible threat of irreparable injury.

DONE this 25th day of September, 2001 at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge