IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NEW HOLLAND NORTH AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| VS. | § | |
| | § | NO. B-01-162 |
| ATLANTIC TRADING, INC. d/b/a | § | |
| TRACTOR-TEX and WILLIAM CURRAN, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR ORAL HEARING

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116(a) ("Lanham Act"), Plaintiff **New Holland North America, Inc.** files this Motion for Preliminary Injunction and Request for Oral Hearing and shows the following:

### I. INTRODUCTION

1. This is an action, in part, for trademark infringement under the Lanham Act.

2. Plaintiff filed its complaint and application for temporary restraining order and injunction on or about September 24, 2001.

3. The court denied Plaintiff's application for temporary restraining order on or about September 25, 2001.

49380:985096.1:100201

4. Plaintiff requests that this motion be set for oral hearing and that following the hearing, the Court enter a preliminary injunction that enjoins Defendants, as more fully set forth below, from using Plaintiff's trade marks to market Defendants' products and services and otherwise hold themselves out to the public to be authorized dealers and/or agents of Plaintiff.

## II. BACKGROUND

5. Plaintiff has legal rights to U.S. Trademark Registration Numbers or Application Numbers 75/756624, 642298, 889234, 623834, 646749, 890857, 820683 and 1152155 for the "Leaf New Holland" and "New Holland" trademarks, as applied to the manufacturing, selling and servicing of industrial, farming, and agricultural equipment.

6. Plaintiff is engaged in the business of manufacturing, selling and servicing industrial, farming and agricultural equipment under the trademarks "Leaf New Holland" and "New Holland." Plaintiff operates throughout the United States and in many foreign countries.

7. In North America alone, Plaintiff has over 1,300 independent dealers that are authorized to sell and/or service Plaintiff's products, including in Brownsville and the Rio Grande Valley.

8. The dealer agreement that previously existed between Plaintiff and Defendants was terminated on or about April 30, 1999.

9. Nevertheless, Defendants continue to engage in the offering for sale and the sale of their goods and services under the trademark and trade names of Plaintiff, notwithstanding Defendants' full knowledge that they have no right to do so.

10. Defendants have acted willfully and maliciously, have unlawfully attempted to trade on the tremendous commercial value, reputation and goodwill of Plaintiff's trademarks and trade names, and have deliberately and intentionally confused and deceived the public as to a continuing affiliation, connection or association of Defendants with Plaintiff and/or as to the origin, sponsorship or approval of Plaintiff. Defendants will not cease their unlawful behavior without intervention of this Court.

### III. PRELIMINARY INJUNCTION

**A. Trademark Infringement**

11. The acts of Defendants constitute trademark infringement in violation of the Lanham Act. *See* 15 U.S.C. § 1114(1).

12. The Lanham Act vests the courts with the authority to enjoin conduct that constitutes trademark infringement. *See American Registry of Radiologic Technologists v. McClellan*, ___ F.Supp.2d ___, 2001 U.S. Dist. LEXIS 8782, at *5-9 (N.D. Tex. June 27, 2001); *Quantum Fitness Corp. v. Quantum Lifestyle Centers, L.L.C.*, 83 F.Supp.2d 810, 816-17 (S.D. Tex. 1999); *see also* 15 U.S.C. § 1116(a).

13. To obtain a preliminary injunction to enjoin trademark infringement, a plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat that

the failure to grant the injunction will result in irreparable injury, (3) that the threatened injury outweighs any damage that the injunction will cause the opposing party, and (4) that the injunction will not disserve the public interest. *See Quantum Fitness Corp.*, 83 F.Supp.2d at 816.

## Substantial Likelihood of Success on the Merits

14. Plaintiff will be successful on the merits of its trademark infringement action; Defendants have no defense.

15. This is not the typical infringement case where one party is attempting to stop another party from using a trade name or trademark that is too similar. *See, e.g., Quantum Fitness Corp.*, 83 F.Supp.2d at 813-15. Rather, in this case, Defendants are using Plaintiff's own, registered trade marks to advertise, promote, and market Defendants' business. Defendants are representing to the public that they are authorized dealers of Plaintiff by, among other things, displaying signs on their building and at an entrance to their building emblazoned with the trademarks "Leaf New Holland" and "New Holland." These are the *same* signs that Defendants were authorized by Plaintiff to display when there was a valid dealer agreement between Plaintiff and Defendants. As the dealer agreement was terminated months ago, Defendants have no legal authorization to continue displaying Plaintiff's trademarks to advertise and market their products and services. Thus, the success of Plaintiff's trademark infringement action is certain.

16. Nevertheless, out of an abundance of caution, to prevail in a trademark infringement action and to obtain a preliminary injunction, a plaintiff must prove (1) that it has a valid trade mark that is entitled to protection under the Lanham Act, and (2) that use of the defendant's mark infringes, or is likely to infringe, the mark of the plaintiff. *See Quantum Fitness Corp.*, 83 F.Supp.2d at 816. As to the first factor, in this case, Plaintiff's trade marks are undisputedly valid and entitled to protection. The trademarks are registered under U.S. Trademark Registration Numbers or Application Numbers 75/756624, 642298, 889234, 623834, 646749, 890857, 820683 and 1152155 for the "Leaf New Holland" and "New Holland" trademarks, as applied to the selling and servicing of farming equipment.

17. As to the second factor, whether an infringement is "likely," the most significant issue considered by the courts is whether there is a "**likelihood** of confusion" as to the source, affiliation, or sponsorship of the trademarked product or service. *See id.* at 818 (emphasis added); *see also Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 594-96 (5th Cir. 1985).

18. As noted above—and importantly—this is not the typical infringement case where one company is alleging that another, similar company is unfairly competing by using a trade mark that is too similar. *See, e.g., Fuji Photo Film Co., Inc.*, 754 F.2d at 593 (Fuji Photo Film Company seeking to enjoin Shinohara (both film and printing companies) from using the trademark "FUJI"); *Quantum Fitness Corp.*, 83 F.Supp.2d at 816 (Quantum Fitness Corporation seeking to enjoin Quantum Lifestyle (both health fitness companies) from using

the trade name "Quantum"). This case is easily distinguished from those kind of cases, which, while injunctions were issued, can nonetheless be much more difficult to resolve.

19. Defendants in this case are not using *similar* trademarks or trade names to identify the name of their business. Rather, Defendants are using Plaintiff's registered trademarks, in addition to its own business name, to bolster its name and market its products and services. The name of Defendants' business is "Tractor-Tex." In addition to its name, however, Defendants are prominently displaying several large signs on its building and at its entrance emblazoned with the trade marks "Leaf New Holland" and "New Holland." (*see* Exhibit C to Plaintiff's complaint). The only purpose of this conduct is to help Defendants attract customers, peak customers' interest, and market Defendants' products and services.

20. This conduct by Defendants is causing or is "*likely*" to cause confusion, which constitutes trademark infringement. Importantly, it is not necessary in a trade mark infringement case for the plaintiff to produce *actual* evidence of confusion. *See Quantum Fitness Corp.*, 83 F.Supp.2d at 829 (emphasis added).

21. Rather, "[i]nfringement can be based on confusion that creates initial customer interest, even though no actual sale is finally completed as a result of the confusion." *Id.* Further, "likelihood of confusion may be found absent confusion as to source; trademark infringement occurs also when the use sought to be enjoined is *likely* to confuse purchasers with respect to the products' endorsement by the plaintiff, or its connection with the plaintiff." *See Fuji Photo Film Co., Inc.*, 754 F.2d at 596 (emphasis added).

22. Clearly, Defendants' prominent display of Plaintiff's signs/trade marks on their building, which is located alongside the busy N. Expressway 77/83 in Brownsville is ***likely*** to cause confusion as to source, endorsement, or connection to Plaintiff and its valuable reputation. *See id.*; *Quantum Fitness Corp.*, 83 F.Supp.2d at 829. Common sense dictates that the display of Plaintiff's trade marks will also create "initial customer interest" in Defendants' products and service. And even if a sale is not consummated from that "initial customer interest," the courts within this circuit consider the creation of such interest to be trade mark infringement. *See id.*

23. Of course, this is precisely the reason Defendants have refused Plaintiff's multiple requests to remove the signs/trade marks—that is, the signs provide Defendants with "initial customer interest" and business opportunities Defendants would otherwise not have.

**Irreparable Injury**

24. The courts are uniform in holding that in a ***trademark infringement*** case, when "a likelihood of confusion exists, the plaintiff's lack of control over the quality of the defendant's good or services constitutes an immediate and irreparable injury, regardless of the actual quality of those good or services." *See McClellan*, 2001 U.S. Dist. LEXIS 8782, at *8-9; *Quantum Fitness Corp.*, 83 F.Supp.2d at 831.

25. In other words, when the likelihood of confusion exists, irreparable harm is presumed in a trademark infringement case. *See id.*; *Quantum Fitness Corp.*, 83 F.Supp.2d at 831.

26. Plaintiff has no relationship with Defendant of any kind. It is obvious, therefore, that Plaintiff has no control over the quality of Defendants' good or services. Thus, that lack of control constitutes an immediate and irreparable injury to Plaintiff under trademark infringement law. *See id.*; *Quantum Fitness Corp.*, 83 F.Supp.2d at 831.

27. Further, the courts hold that an injury is irreparable when compensatory damages are extremely difficult to calculate. *See Quantum Fitness Corp.*, 83 F.Supp.2d at 831. In a trademark infringement case, pecuniary damages are generally unquantifiable and undiscoverable. *See id.*

28. In this case, as in other trademark infringement cases, Plaintiff has no meaningful way of precisely calculating the pecuniary damages it is continuing to suffer as a result of Defendants' trademark infringement. *See id.* This is because it is simply not possible to know with any degree of certainty how many customers Defendants are diverting from Plaintiff's authorized dealers in the Rio Grande Valley as a result of Defendants' unlawful trademark infringement. *See id.* Accordingly, Plaintiff's injury is irreparable.

29. The Lanham Act vests courts with the authority necessary to issue injunctions "according to the principles of equity" to prevent trademark infringement and/or dilution. *See* 15 U.S.C. § 1116(a).

30. For all the reasons stated above and pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and 15 U.S.C. §1116(a), Plaintiff requests that Defendants, their agents

and/or representatives, and everyone acting on their behalf and/or at their direction, be prohibited from or required to do the following:

(1) Prohibited from displaying any signs whatsoever and for any purpose that are emblazoned in any manner with Plaintiff's trademark, trade name, logos, or designs, including the names "New Holland" and any New Holland Leaf logo and/or any colorable imitation thereof;

(2) Prohibited from using the names "New Holland" and any New Holland Leaf logo and/or any colorable imitation thereof in connection with the name and/or identification of Defendants' business;

(3) Prohibited from representing to the public in any way, including oral and/or written advertisements and/or radio/television advertisements, broadcast in any location, including Texas and/or Mexico, that Defendants are or were an authorized dealer of Plaintiff;

(4) Be required to immediately remove from Defendants' property any signs whatsoever that are emblazoned in any manner with Plaintiff's trademark, trade name, logos, or designs, including the names "New Holland" and any Holland Leaf logo or any colorable imitation thereof; and

(5) Be required to immediately remove from Defendants' stationary and/or any literature of any kind that are emblazoned in any manner with Plaintiff's

trademark, trade name, logos, or designs, including the names "New Holland" and any Holland Leaf logo or any colorable imitation thereof.

31. No significant hardship will be placed on Defendants in being ordered by this Court to immediately remove all signs emblazoned with Plaintiff's various trademarks and trade names; the signs are easily removable. Further, no significant hardship will be placed on Defendants in being ordered to immediately cease from advertising their business in any manner that suggests in any manner that Defendants are an authorized dealer of Plaintiff.

32. Plaintiff is willing and able to post a reasonable bond if requested by the Court; however, due to the circumstances in this case that indicate Defendants will suffer no harm if ordered to remove the signs and trade marks, Defendants request that bond be set at zero.

**PRAYER**

WHEREFORE, Plaintiff prays that the Court set this motion for oral hearing and that upon final hearing, the Court enter an order providing that Defendants are:

(1) Prohibited from displaying any signs whatsoever and for any purpose that are emblazoned in any manner with Plaintiff's trademark, trade name, logos, or designs, including the names "New Holland" and any New Holland Leaf logo and/or any colorable imitation thereof;

(2) Prohibited from using the names "New Holland" and any New Holland Leaf logo and/or any colorable imitation thereof in connection with the name and/or identification of Defendants' business;

(3)   Prohibited from representing to the public in any way, including oral and/or written advertisements and/or radio/television advertisements, broadcast in any location, including Texas and/or Mexico, that Defendants are or were an authorized dealer of Plaintiff;

(4)   Be required to immediately remove from Defendants' property any signs whatsoever that are emblazoned in any manner with Plaintiff's trademark, trade name, logos, or designs, including the names "New Holland" and any Holland Leaf logo or any colorable imitation thereof;

(5)   Be required to immediately remove from Defendants' stationary and/or any literature of any kind that are emblazoned in any manner with Plaintiff's trademark, trade name, logos, or designs, including the names "New Holland" and any Holland Leaf logo or any colorable imitation thereof; and

(6)   That Plaintiff recover such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,

By: _____
James H. Hunter, Jr.
Federal ID No. 15703
State Bar No. 00784311
Jon D. Brooks
Federal ID No. 24936
State Bar No. 24004563
Attorney-in-Charge for Plaintiff,
**New Holland North America, Inc.**

Of Counsel:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377
(956) 542-4370 (facsimile)

John William Stader
Scott C. Smith
NEW HOLLAND NORTH AMERICA, INC.
500 Diller Avenue
New Holland, PA 17557

## Certificate of Service

The undersigned certifies that a true and correct copy of the above and foregoing was served upon all parties to this action and counsel of record, if any, by first class U.S. mail, on this 2nd day of October, 2001, as indicated below:

William Curran
Atlantic Trading, Inc. d/b/a
Tractor-Tex
4500 N. Expressway 77/83
Brownsville, Texas 78521

_____
Jon D. Brooks

49380:985096.1:100201                    -12-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NEW HOLLAND NORTH AMERICA, INC., | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION |
| | § | **NO. B-01-162** |
| ATLANTIC TRADING, INC. d/b/a TRACTOR-TEX and WILLIAM CURRAN, | § | |
| Defendants. | § | |

## ORDER SETTING HEARING

It is ORDERED that Defendants Atlantic Trading, Inc. d/b/a Tractor-Tex and William Curran appear for hearing on Plaintiff's Motion for Preliminary Injunction before this Court on _____ at ____:____ __.m., to show cause, if any, why a preliminary injunction should not be issued as requested by Plaintiff New Holland North America, Inc. The Clerk of the Court is hereby directed to issue a show cause notice to Defendants to appear at the temporary injunction hearing.

SIGNED on this ____ day of _____, 2001.

_____
JUDGE PRESIDING

cc:  Jon D. Brooks
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

William Curran
Atlantic Trading, Inc. d/b/a
Tractor-Tex
4500 N. Expressway 77/83
Brownsville, Texas 78521

49380:985273.1:100201