United States District Court
Southern District of Texas
FILED

OCT 1 8 2001

Michael N. Milby
Clerk of Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NEW HOLLAND NORTH AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| VS. | § | |
| | § | NO. B-01-162 |
| ATLANTIC TRADING, INC. d/b/a | § | |
| TRACTOR-TEX and WILLIAM CURRAN, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
AND FINAL DEFAULT JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff **New Holland North America, Inc.,** files this Motion for Entry of Default and Final Default Judgment, and shows the following:

### I. INTRODUCTION

1. This action was brought for injunctive relief for trademark infringement under the Lanham Act and for monetary damages on a sworn account.

2. Plaintiff filed its Original Complaint with the Court on September 24, 2001.

49380:987660.1:101801

FILE COPY

3. Defendants were properly served with a copy of Plaintiff's Original Complaint on September 25, 2001.

4. A copy of the respective certificates of service are attached hereto as Exhibit "A." These certificates of service were filed with the United States District Clerk for the Southern District of Texas–Brownsville Division on September 26, 2001. *See* Exhibit A.

5. The latest date for Defendants to timely file their respective answers was October 15, 2001. *See* FED. R. CIV. P. 12(a).

6. As of the date of the filing of this Motion for Entry of Default and Final Default Judgment, no answers or defense have been filed by Defendants.

## II. MOTION FOR CLERK AND COURT TO ENTER DEFAULT

7. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk ***shall*** enter the party's default." *See* FED. R. CIV. P. 55(a) (emphasis added).

8. Despite having been duly served with citations and the original complaint in this matter, Defendants have failed to answer within the time prescribed by the Federal Rule of Civil Procedure and therefore have wholly made default and admitted all of the allegations in Plaintiff' original complaint. *See* TEX. R. CIV. P. 12(a); Exhibit A.

9. Citations were served upon Defendants according to law and returned to the Clerk where it remained on file for the time required by law. *See* Exhibit A.

10. Defendants are not infants or incompetents, are not in the military, and neither defendant is an entity of the United States government. *See* FED. R. CIV. P. 55.

11. Accordingly, Plaintiff moves the clerk of the court and the court for an entry of default against Defendants. *See* FED. R. CIV. P. 55(a).

### III. MOTION FOR FINAL DEFAULT JUDGMENT

12. In this motion, Plaintiff moved the court and clerk for an entry of default as provided by the Federal Rules of Civil Procedure.

13. Such request is proper under the rules as set forth above.

14. Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, following the entry of default, Plaintiff moves the Court to enter a final default judgment in Plaintiff's favor. *See* FED. R. CIV. P. 55(b).

15. Despite having been duly served with citations and the original complaint in this matter, Defendants have failed to answer within the time prescribed by the Federal Rules of Civil Procedure and therefore have wholly made default and admitted all of the allegations in Plaintiff' original complaint. *See* TEX. R. CIV. P. 12(a); Exhibit A.

16. Citations was served upon Defendants according to law and returned to the Clerk where it remained on file for the time required by law. *See* Exhibit A.

17. Defendants are not infants or incompetents, are not in the military, and neither defendant is an entity of the United States government. *See* FED. R. CIV. P. 55.

## A. Injunctive Relief under the Lanham Act

18. Because Defendants have failed to timely answer or defend as set forth above, Plaintiff moves the Court to enter a final default judgment against Defendants on Plaintiff's action for injunctive relief for trademark infringement under the Lanham Act as prayed for in its original complaint and set forth in the proposed final default judgment filed contemporaneously with this motion.

## B. Suit on Sworn Account

19. Because Defendants have failed to timely answer or defend as set forth above, Plaintiff moves this Court to award it the sum certain of Fifty Thousand Seven Hundred One and 82/100 Dollars ($50,701.82), holding Defendants jointly and severally liable for that amount, as prayed for in its original complaint and set forth in the proposed final default judgment filed contemporaneously with this motion. *See* Exhibit B.

## C. Attorney's Fees

20. Because Defendants have failed to timely answer or defend as set forth above, Plaintiff further moves this Court to award it reasonable attorney's fees for being required to prosecute this trademark infringement action pursuant to 15 U.S.C. § 1117(a) of the Lanham Act.

21. As supported by the affidavit attached hereto as Exhibit C, Plaintiff requests that the Court award it reasonable attorney's fees in the sum of Three Thousand Fifteen and

00/100 Dollars ($3,015.00) and that Defendants be held jointly and severally liable for this amount. *See* Exhibit C.

### D. Interests and Costs

22. Plaintiff further moves this Court to award it pre-judgment interest and post-judgment interest, as provided by law, plus costs of court in its behalf expended, to be recovered from Defendants, jointly and severally.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Honorable Court enter default against Defendants and grant Plaintiff's motion for final default judgment, and for such further relief to which they may show themselves justly entitled.

Respectfully submitted,

By: _____
Jon D. Brooks
Federal ID No. 24936
State Bar No. 24004563
55 Cove Circle
Brownsville, Texas 78521
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

Attorney for Plaintiff
**New Holland North America, Inc.**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

## CERTIFICATE OF SERVICE

I certify that on the 18th day of October, 2001, a true and correct copy of the foregoing pleading was sent via Regular U.S. mail to the following:

William Curran and
Atlantic Trading, Inc. d/b/a Tractor -Tex
4500 N. Expressway 77/83
Brownsville, Texas 78521

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

AVERY™ RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

ClibPDF - www.fastio.com

49330

**COPY**

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

NEW HOLLAND NORTH AMERICA, INC.

V.

ATLANTIC TRADING, INC. d/b/a
TRACTOR-TEX and WILLIAM CURRAN

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-01-162

TO: (Name and Address of Defendant)

Atlantic Trading, Inc. d/b/a Tractor-Tex
4500 N. Expressway 83
Brownsville, Texas 78521

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

James H. Hunter, Jr.
Jon D. Brooks
ROYSTON, RAYZOR, VICKERY
 & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

**CLERK**

[signature]

**BY DEPUTY CLERK**

DATE September 25, 2001

**EXHIBIT**

"A"

AO 440 (Rev 1/90) Summons in a Civil Action

COPY

# United States District Court

_____ DISTRICT OF _____

NEW HOLLAND NORTH AMERICA, INC.

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER: B-01-162

ATLANTIC TRADING, INC. d/b/a
TRACTOR-TEX and WILLIAM CURRAN

TO: (Name and Address of Defendant)

William Curran
Atlantic Trading Inc. d/b/a Tractor-Tex
4500 N. Expressway 83
Brownsville, Texas 78521

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

James H. Hunter, Jr.
Jon D. Brooks
ROYSTON, RAYZOR, VICKERY
 & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

BY DEPUTY CLERK

DATE September 25, 2001

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT



AVERY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NEW HOLLAND NORTH AMERICA, INC., § § Plaintiff, § § VS. § § ATLANTIC TRADING, INC. d/b/a § TRACTOR-TEX and WILLIAM CURRAN, § § Defendants. § § | CIVIL ACTION NO. B-01-162 |

### AFFIDAVIT IN SUPPORT OF ACCOUNT

STATE OF PENNSYLVANIA §
§
LANCASTER COUNTY §

    BEFORE me, the undersigned notary public, on this date personally appeared, Mike Leisure, fully authorized representative and agent of New Holland North America, Inc., who under oath stated as follows:

1. My name is Mike Leisure. I am over eighteen (18) years of age and am legally competent to make this Affidavit, which is true and correct, is based upon my personal knowledge, and is made voluntarily and not under duress.

2. I am a fully authorized representative and agent of Plaintiff, New Holland North America, Inc., in the above-styled and numbered lawsuit.

3. A systematic record of Defendants, Atlantic Trading, Inc. d/b/a Tractor-Texas and William Curran's account has been kept by New Holland North America, Inc., with dates of sales, services, charges, and credits, together with the description of the item(s) provided and the charges and payments made.

4. The debt collection facts and claims set forth in the attached original complaint are within the personal knowledge of Affiant and are true and correct.

49380:980124.1:091701

EXHIBIT

"B"

5.  The true and correct balance on the account of Atlantic Trading, Inc. d/b/a Tractor-Texas and William Curran is $50,701.82, which sum is due and owing.

6.  All just and lawful offsets, payments and credits have been allowed and accounted for.

7.  Defendants have failed to make payment for the account balance which is just and due and now owing.

NEW HOLLAND NORTH AMERICA, INC.

By: _____

Printed Name: Mike Leisure

Title: Duly Authorized Representative and Agent for New Holland North America, Inc.

SWORN and SUBSCRIBED BEFORE ME on this 21st day of September, 2001.

_____
Notary Public, State of Pennsylvania

Notarial Seal
Barbara A. Weaver, Notary Public
Earl Twp., Lancaster County
My Commission Expires Nov. 15, 2003

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

AVERY™

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NEW HOLLAND NORTH AMERICA, INC., § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION |
| VS. § | |
| § | **NO. B-01-162** |
| ATLANTIC TRADING, INC. d/b/a § | |
| TRACTOR-TEX and WILLIAM CURRAN, § | |
| § | |
| Defendants. § | |
| _____§ | |

## ATTORNEY FEE AFFIDAVIT

THE STATE OF TEXAS §
§
COUNTY OF CAMERON §

On this day came before me, the undersigned authority, **Jon D. Brooks** who, after being duly sworn upon oath, deposed and said as follows:

### I.

My name is Jon D. Brooks. I am an attorney for New Holland North America, Inc., in this matter. I am over 18 years of age and am fully competent to make this affidavit. The matters contained in this affidavit are based upon my personal knowledge and are true and correct. I have been a practicing attorney licensed in the State of Texas since 1997. I am an associate in the Brownsville office of the law firm of Royston, Rayzor, Vickery & Williams, L.L.P.

I am familiar with the facts of this case and the reasonable fees and rates for handling cases of this type in Cameron County, Texas. Through October 18, 2001, I have expended 20.1 hours in prosecuting this case on behalf of Plaintiff. $150.00 per hour is a minimal reasonable hourly rate for handling matters of this type in Cameron County. Consequently, $3,015.00 is a reasonable fee for prosecution of this claim.

_____
Jon D. Brooks

46577:983827.1:092401

EXHIBIT "C"

-2-

**SUBSCRIBED AND SWORN TO BEFORE ME** on this _18th_ day of October, 2001.

_____Sylvia Salas_____
Notary Public, State of Texas
My Commission Expires: _1/24/05_

[Notary Seal: SYLVIA SALAS / MY COMMISSION EXPIRES / January 24, 2005]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NEW HOLLAND NORTH AMERICA, INC., | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION |
| VS. | § § | **NO. B-01-162** |
| ATLANTIC TRADING, INC. d/b/a TRACTOR-TEX and WILLIAM CURRAN, | § § § | |
| Defendants. | § § | |

## FINAL DEFAULT JUDGMENT

On this the _____ day of _____, 2001, the Court considered the motion for entry of default and final default judgment in the above-entitled and numbered cause wherein New Holland North America, Inc., is Plaintiff and Atlantic Trading, Inc. d/b/a Tractor-Tex and William Curran are Defendants. The Plaintiff made an appearance in this matter through its attorney of record. The Defendants, although having been duly and legally cited to appear and answer, failed to appear and answer and wholly made default.

The Court finds that Citation was served upon Defendants according to law and returned to the Clerk where it remained on file for the time required by law. The Court finds that neither Defendants in this matter are infants, incompetents, members of the military, or

49380:987710.1:101801

entities of the United States government. The Court has read the pleadings, affidavits and the papers on file, and is of the opinion that the allegations contained in Plaintiff's original complaint have been admitted by Defendants and that Plaintiff's cause of action for injunctive relief for trademark infringement under the Lanham Act is proven by good and sufficient evidence, that Plaintiff's cause of action on a sworn account is liquidated and proven by an instrument in writing which is good and sufficient evidence, and that Plaintiff's claim for attorney's fees is proven by good and sufficient evidence.

Accordingly, Plaintiff's Motion for Final Default Judgment is **GRANTED**.

IT IS THEREFORE **ORDERED, ADJUDGED and DECREED** that Defendants Atlantic Trading, Inc. d/b/a Tractor-Tex and William Curran are permanently enjoined from representing to the general public that they are an authorized dealer of Plaintiff New Holland North America, Inc., particularly by representing such by radio and/or television broadcasts and/or by displaying signs and/or advertising literature to advertise their business emblazoned with the trademark, trade names, trade dress, logos and/or designs of Plaintiff, namely, "Leaf New Holland," "New Holland," "Ford New Holland" and/or any colorable imitation thereof.

It is further **ORDERED, ADJUDGED and DECREED** that Defendants Atlantic Trading, Inc. d/b/a Tractor-Tex and William Curran and their agents, employees, representative and anyone acting on their behalf are prohibited from or immediately required to do the following:

(1) From using, in connection with the promotion, advertising or selling, leasing, renting and/or servicing farming equipment and services, the infringing marks, namely "Leaf New Holland," "Ford," "New Holland" and/or the designs associated therewith, or any colorable imitation or variation thereof, in connection with its business of sales and service of farm equipment, and the trade dress with which it is presented, the Plaintiff's trade dress and any other marks, names or other designations confusingly similar to Plaintiff's trademarks, trade names, and/or trade dress;

(b) From otherwise competing unfairly with Plaintiff in any manner, including, but without limitation, (i) unlawfully adopting or infringing upon Plaintiff's marks, or (ii) adopting or using any other names, marks or designs that are confusingly similar to Plaintiff's marks or trade dress; and

(c) From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

(2) That Defendants Atlantic Trading, Inc. d/b/a Tractor-Tex and William Curran, their agents, servants, employees, attorneys and all those persons in active concert or participation with any of them, including, but not limited to, their licensees and franchisees, to *immediately remove* and deliver up for

destruction, or show proof to Plaintiff of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles and advertisements, and any other materials in their possession or control, that depict the names or marks "Leaf New Holland," "Ford," "New Holland" and/or the designs associated therewith, or any other mark confusingly or substantially similar to Plaintiff's marks and/or trade dress, and any materials or articles used for making or reproducing the same.

IT IS **ORDERED, ADJUDGED and DECREED** that Defendants, jointly and severally, are indebted to pay Plaintiff the sum of Fifty Thousand Seven Hundred One and 82/100 Dollars ($50,701.82), as prayed for in Plaintiff's original complaint, plus pre-judgment interest post-judgment interest at Ten Percent (10%) annum, until paid, as provided by law.

IT IS **ORDERED, ADJUDGED and DECREED** that Plaintiff recover its reasonable attorney's fees from Defendants, jointly and severally, in the total sum of Three Thousand Fifteen and No/100 Dollars ($3,015.00). It is **ORDERED** that Defendants, jointly and severally, are indebted to Plaintiff for this amount.

IT IS **ORDERED, ADJUDGED and DECREED** that Defendants, jointly and severally, are indebted to Plaintiff for all court costs incurred by Plaintiff in prosecuting this action.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

**SIGNED FOR ENTRY** this _____ day of _____, 2001 at Brownsville, Texas.

_____
**HON. HILDA G. TAGLE**
**UNITED STATES DISTRICT COURT**

Copies:

Jon D. Brooks
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

William Curran
Atlantic Trading, Inc. d/b/a Tractor-Tex
4500 N. Expressway 77/83
Brownsville, Texas 78521

49380:987710.1:101801                -5-