*10*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 2 9 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| NEW HOLLAND NORTH AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| VS. | § | |
| | § | **NO. B-01-162** |
| ATLANTIC TRADING, INC. d/b/a | § | |
| TRACTOR-TEX and WILLIAM CURRAN, | § | |
| | § | |
| Defendants. | § | |

## FINAL DEFAULT JUDGMENT

On this the _____ day of __November__, 2001, the Court considered the motion for entry of default and final default judgment in the above-entitled and numbered cause wherein New Holland North America, Inc., is Plaintiff and Atlantic Trading, Inc. d/b/a Tractor-Tex and William Curran are Defendants. The Plaintiff made an appearance in this matter through its attorney of record. The Defendants, although having been duly and legally cited to appear and answer, failed to appear and answer and wholly made default.

The Court finds that Citation was served upon Defendants according to law and returned to the Clerk where it remained on file for the time required by law. The Court finds that neither Defendants in this matter are infants, incompetents, members of the military, or

49380:987710.1:101801

entities of the United States government. The Court has read the pleadings, affidavits and the papers on file, and is of the opinion that the allegations contained in Plaintiff's original complaint have been admitted by Defendants and that Plaintiff's cause of action for injunctive relief for trademark infringement under the Lanham Act is proven by good and sufficient evidence, that Plaintiff's cause of action on a sworn account is liquidated and proven by an instrument in writing which is good and sufficient evidence, and that Plaintiff's claim for attorney's fees is proven by good and sufficient evidence.

Accordingly, Plaintiff's Motion for Final Default Judgment is **GRANTED**.

IT IS THEREFORE **ORDERED, ADJUDGED and DECREED** that Defendants Atlantic Trading, Inc. d/b/a Tractor-Tex and William Curran are permanently enjoined from representing to the general public that they are an authorized dealer of Plaintiff New Holland North America, Inc., particularly by representing such by radio and/or television broadcasts and/or by displaying signs and/or advertising literature to advertise their business emblazoned with the trademark, trade names, trade dress, logos and/or designs of Plaintiff, namely, "Leaf New Holland," "New Holland," "Ford New Holland" and/or any colorable imitation thereof.

It is further **ORDERED, ADJUDGED and DECREED** that Defendants Atlantic Trading, Inc. d/b/a Tractor-Tex and William Curran and their agents, employees, representative and anyone acting on their behalf are prohibited from or immediately required to do the following:

(1) From using, in connection with the promotion, advertising or selling, leasing, renting and/or servicing farming equipment and services, the infringing marks, namely "Leaf New Holland," "Ford," "New Holland" and/or the designs associated therewith, or any colorable imitation or variation thereof, in connection with its business of sales and service of farm equipment, and the trade dress with which it is presented, the Plaintiff's trade dress and any other marks, names or other designations confusingly similar to Plaintiff's trademarks, trade names, and/or trade dress;

(b) From otherwise competing unfairly with Plaintiff in any manner, including, but without limitation, (i) unlawfully adopting or infringing upon Plaintiff's marks, or (ii) adopting or using any other names, marks or designs that are confusingly similar to Plaintiff's marks or trade dress; and

(c) From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

(2) That Defendants Atlantic Trading, Inc. d/b/a Tractor-Tex and William Curran, their agents, servants, employees, attorneys and all those persons in active concert or participation with any of them, including, but not limited to, their licensees and franchisees, to ***immediately remove*** and deliver up for

49380:987710.1:101801

-3-

destruction, or show proof to Plaintiff of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles and advertisements, and any other materials in their possession or control, that depict the names or marks "Leaf New Holland," "Ford," "New Holland" and/or the designs associated therewith, or any other mark confusingly or substantially similar to Plaintiff's marks and/or trade dress, and any materials or articles used for making or reproducing the same.

IT IS **ORDERED, ADJUDGED and DECREED** that Defendants, jointly and severally, are indebted to pay Plaintiff the sum of Fifty Thousand Seven Hundred One and 82/100 Dollars ($50,701.82), as prayed for in Plaintiff's original complaint, plus pre-judgment interest post-judgment interest at Ten Percent (10%) annum, until paid, as provided by law.

IT IS **ORDERED, ADJUDGED and DECREED** that Plaintiff recover its reasonable attorney's fees from Defendants, jointly and severally, in the total sum of Three Thousand Fifteen and No/100 Dollars ($3,015.00). It is **ORDERED** that Defendants, jointly and severally, are indebted to Plaintiff for this amount.

IT IS **ORDERED, ADJUDGED and DECREED** that Defendants, jointly and severally, are indebted to Plaintiff for all court costs incurred by Plaintiff in prosecuting this action.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

**SIGNED FOR ENTRY** this ____ day of _____, 2001 at Brownsville, Texas.

_____
HON. HILDA G. TAGLE
UNITED STATES DISTRICT COURT

Copies:

Jon D. Brooks
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78521

William Curran
Atlantic Trading, Inc. d/b/a Tractor-Tex
4500 N. Expressway 77/83
Brownsville, Texas 78521