IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NEW HOLLAND NORTH AMERICA, INC., | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION |
| VS. | § § | |
| | § | **NO. B-01-162** |
| ATLANTIC TRADING, INC. d/b/a TRACTOR-TEX and WILLIAM CURRAN, | § § § | |
| Defendants. | § § | |

### **PLAINTIFF'S MOTION FOR CONTEMPT OF COURT**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 70 of the Federal Rules of Civil Procedure, Plaintiff **New Holland North America, Inc.,** files this Motion for Contempt of Court, and shows the following:

### **I. INTRODUCTION**

1. The Court entered a final default judgment in this matter on November 29, 2001.

2. The Court's judgment in general was two-fold: (a) it awarded Plaintiff a monetary judgment, and (b) it awarded injunctive relief to Plaintiff under the Lanham Act.

3. Defendants have not filed a motion for new trial or an appeal, nor have they otherwise attempted to challenge the Court's judgment.

49380:1014933.1:052902

4. The subject of this motion is the Court's judgment awarding injunctive relief to Plaintiff under the Lanham Act.

5. The Court's judgment permanently enjoined Defendants from representing to the general public that they are an authorized dealer of Plaintiff, which included displaying signs on their building depicting the trademark and trade name "New Holland" and "Ford New Holland."

6. The Court's judgment also ordered Defendants to "immediately remove and deliver up for destruction, or show proof of destruction" of all infringing signs, etc.

7. Defendants have refused to comply with the Court's judgment in any fashion.

## II. MOTION FOR CONTEMPT OF COURT

8. Rule 70 of the Federal Rules of Civil Procedure provides, in part, that "[i]f a judgment directs a party to . . . perform any . . . specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party." FED. R. CIV. P. 70.

9. Rule 70 also provides that the "court may also in proper cases adjudge the party in contempt." *Id.*

10. Here, Defendants have failed to perform the specific act of removing all trademark and trade name infringing signs from their building as specifically ordered by the Court in its judgment. In particular, there is at least one large sign on Defendants' building

depicting the trade name and trademark "New Holland" and "Ford." There is also at least one sign on Defendants' mail box depicting the names "New Holland" and "Ford."

11. Clearly, therefore, in flagrant contravention of the Court's written judgment and orders, Defendants continue to hold themselves out and represent to the general public that they are representatives and/or agents of Plaintiff.

12. Defendants have also failed to deliver up for destruction or show proof of destruction to Plaintiff of any and all materials, including signs and other marketing materials, that depict Plaintiff's trade names and trademarks, as specifically ordered by the Court in its judgment.

13. In addition to the Court's judgment being provided to Defendants by Plaintiff and the Court, Plaintiff has also provided multiple written requests to Defendants to comply with the Court's judgment. However, these efforts have been unsuccessful.

14. Accordingly, as part of the remedy requested, pursuant to the express authority granted by Rule 70 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the Court direct the acts identified in the Court's judgment, relative to the injunctive relief, be done at the cost of Defendants by some other person, appointed and directed by the Court. *See* FED. R. CIV. P. 70. Plaintiff believes this is the only civil remedy available to purge Defendants' contemptuous behavior and obtain full compliance with the Court's judgment relative to the injunctive relief under the Lanham Act. *See United States v.*

*Crawford Enterprises, Inc.*, 643 F. Supp. 370, 381 (S.D. Tex. 1986) (remedies available for civil contempt may be, among other things, coercive).

15. Plaintiff also respectfully requests that, pursuant to Rule 70, the Court hold Defendants in contempt of Court for their failure to comply with the Court's judgment. *See* FED. R. CIV. P. 70. As part of the civil remedy requested for Defendants' contemptuous conduct, Plaintiff requests Defendants be ordered to pay, by a date certain, Plaintiff's attorney fees and costs incurred in bringing this motion. *See id.*; *see also N.L.R.B. v. Johnson Mfg. Co. of Lubbock*, 511 F.2d 153, 158 (5th Cir. 1975); *Crawford Enterprises, Inc.*, 643 F. Supp. at 381, 383 (remedies for civil contempt may be compensatory, including payment of attorney fees and costs incurred in bringing contempt proceedings).

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Honorable Court provide formal notice to Defendants to appear before this Court, that after full hearing, the Court appoint a disinterested person to perform the acts identified in the Court's prior judgment, relative to the injunctive relief, and that Plaintiff be awarded all costs and attorney's fees incurred in bringing this motion, and for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _____
Jon D. Brooks
Federal/S.D. ID No. 24936
Texas Bar No. 24004563
55 Cove Circle
Brownsville, Texas 78521
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

**Attorney-in-Charge for Plaintiff
New Holland North America, Inc.**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

### Certificate of Service

I certify that on the 29th day of May, 2002, a true and correct copy of the foregoing motion was sent via **Certified Mail–R.R.R.** and **Regular U.S.** mail to the following:

William Curran and
Atlantic Trading, Inc. d/b/a Tractor -Tex
4500 N. Expressway 77/83
Brownsville, Texas 78521

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

49380:1014933.1:052902                    -5-