*14*

## Civil Courtroom Minutes

| | | | | | |
|---|---|---|---|---|---|
| JUDGE | Hilda G. Tagle | | | | |
| CASE MANAGER | Stella Cavazos | | | | |
| LAW CLERK | ☐ Roberts | ■ Lehrman | | | |
| DATE | 7 | 16 | 2002 | | |
| TIME | 10:30 | a.m. | 11:00 | a.m. | |
| | | p.m. | | p.m. | |
| CIVIL ACTION | B | 01 | 162 | | |
| STYLE | New Holland North America, Inc. *versus* Atlantic Trading, Inc., d/b/a Tractor-Tex & William Curran | | | | |



United States District Court
Southern District of Texas
FILED
JUL 1 6 2002
Michael N. Milby, Clerk of Court

DOCKET ENTRY

(HGT) ☐ Contempt Hearing (Court Reporter: Breck Record); Karen Pena, Interpreter.

Attorney(s) for Plaintiff(s):

    Jon D. Brooks

Attorney(s) for Defendant(s):

    Pro Se, Mr. Curran appeared.

☐    Comments:

    The Court informed Mr. Curran that it is his obligation to bring his own interpreter from now on. The Court swore Mr. Curran as a witness. Mr. Curran has no attorney. He stated that he has arranged to meet with an attorney but that no one has agreed to represent him.

    Mr. Brooks stated that this is a trade name infringement case. The Court entered a default judgment, ordering Mr. Curran to remove and destroy infringing signs, and judgment for $51,000. He has failed to do either. Judgment was pursuant to 15 U.S.C. §1116; 15 U.S.C. §1118. Mr. Curran used to be an authorized dealer, but he no longer is, and the authorized dealers are complaining because they have an exclusivity agreement. At this point New Holland just wants the signs removed. New Holland asks the Court to appoint a special master, a referee, or some disinterested person to enforce the judgment. Rule 70 authorizes this. Plaintiff also asks for attorneys' fees.

Mr. Curran stated that he took the sign on the front down, then painted it black, some 4-6 months ago. The Court asked whether he has provided Plaintiffs with photos or proof, and he stated that he has not. He stated that there is a poster inside the building, but New Holland sends those to everyone.

Mr. Brooks stated that Defendant had in fact taken down some signs, and he submitted exhibits of photos that were taken yesterday (7-15-2002) at 6 p.m. allegedly showing some signs that are still up.

Mr. Curran stated that he has a mailbox, and that he doesn't remember whether the names "New Holland" and "Ford" are on the box. He viewed the photos. He acknowledged the label on the box. The Court asked whether he understood the order requiring him to remove the signs. He said he didn't notice the sticker on the box. The Court admitted the exhibits.

The Court discussed Ex. 5, mailbox with the sticker; Ex. 1, sign on upper-right hand side of the shop. She asked why he had not removed this sign. He stated that he deals in Ford products. The Court pointed out that it says, "Ford New Holland." He said he would remove the signs by today at 4p.m., both signs, and that he had forgotten. Mr. Brooks stated that use of either name, "Ford" and "New Holland" are infringements. The Court **ORDERED** Mr. Curran to remove both signs by 4p.m. today. She asked if he had more signs with these trademarks. He said yes, he has posters in his office, and the Court **ORDERED** him to remove those as well. Mr. Brooks said that was satisfactory to him. Mr. Brooks pointed out one last sign and the Court **ORDERED** that removed as well. The Court **GRANTED** $1600 in attorneys' fees for Plaintiff [Dkt. No. 11]. The Court did not appoint a receiver or other third party.