IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NEW HOLLAND NORTH AMERICA, INC., § § Plaintiff, § § VS. § § ATLANTIC TRADING, INC. d/b/a § TRACTOR-TEX and WILLIAM CURRAN, § § Defendants. § § | CIVIL ACTION NO. B-01-162 |

## PLAINTIFF'S SECOND MOTION FOR CONTEMPT OF COURT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 70 of the Federal Rules of Civil Procedure, Plaintiff **New Holland North America, Inc.,** files this Second Motion for Contempt of Court, and shows the following:

### I. INTRODUCTION

1. The Court entered a final default judgment in this matter on November 29, 2001.

2. The Court's judgment in general was two-fold: (a) it awarded Plaintiff a monetary judgment, and (b) it awarded injunctive relief to Plaintiff under the Lanham Act.

3. Defendants have not filed a motion for new trial or an appeal, nor have they otherwise attempted to challenge the Court's judgment.

49380:1026705.1:082802

4. The Court's judgment ordered Defendants to "immediately remove and deliver up for destruction, or show proof of destruction" of all infringing signs, etc.

5. At the hearing of July 16, 2002, on Plaintiff's first motion for contempt, the Court orally ordered Defendants to remove all trade name infringing signs and posters from outside his business and inside his business by 4:00 p.m. on July 16, 2002.

6. Defendants did paint over the infringing signs outside their business. However, Defendants still have several large marketing posters displayed on the walls inside their business and refuse to remove them.

## II. SECOND MOTION FOR CONTEMPT OF COURT

7. Rule 70 of the Federal Rules of Civil Procedure provides, in part, that "[i]f a judgment directs a party to . . . perform any . . . specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party." FED. R. CIV. P. 70.

8. Rule 70 also provides that the "court may also in proper cases adjudge the party in contempt." *Id.*

9. Here, Defendants have failed to perform the specific act of removing all trademark and trade name infringing signs and posters as specifically ordered by the Court in its judgment and at the oral hearing and Court's order of July 16, 2002. In particular, there are

several (probably 8-10) large color posters displayed on the walls inside Defendants' building depicting the trade name and trademark "New Holland" and "Ford."

10. Therefore, the Court's respective orders notwithstanding, Defendants continue to hold themselves out and represent to the general public that they are authorized representatives and/or agents of Plaintiff.

11. Accordingly, pursuant to the remedy provided by Rule 70 of the Federal Rules of Civil Procedure, and as provided in the Court's written order of July 16, 2002, Plaintiff respectfully requests that the Court direct the acts identified in the Court's judgment, relative to the injunctive relief, be done at the cost of Defendants by some other person, appointed and directed by the Court. *See* FED. R. CIV. P. 70.

12. Plaintiff also respectfully requests that, pursuant to Rule 70, the Court hold Defendants in contempt of Court for their failure to comply with the Court's judgment. *See* FED. R. CIV. P. 70. Plaintiff requests Defendants be ordered to pay, by a date certain, Plaintiff's attorney fees and costs incurred in bringing this second motion. *See id.*; *see also N.L.R.B. v. Johnson Mfg. Co. of Lubbock*, 511 F.2d 153, 158 (5th Cir. 1975); *Crawford Enterprises, Inc.*, 643 F. Supp. at 381, 383 (remedies for civil contempt may be compensatory, including payment of attorney fees and costs incurred in bringing contempt proceedings).

13. Lastly, Plaintiff has learned that Defendants may take the signs and posters to another business in Brownsville and display them. Plaintiff believes this conduct would

circumvent the Court's order and should not be tolerated. Plaintiff requests that Defendants be enjoined from such action pursuant to the Lanham Act, as set forth in the Court's judgment in this case of November 29, 2001. These marketing posters should be delivered up for destruction as provided in the Court's judgment of November 29, 2001.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Honorable Court provide formal notice to Plaintiff and Defendants to appear before this Court, that after full hearing, the Court appoint a disinterested person to perform the acts identified in the Court's prior judgment, relative to the injunctive relief, that all marketing posters displayed in Defendants' business be delivered up for destruction, that Plaintiff be awarded all costs and attorney's fees incurred in bringing this motion, and for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _____
Jon D. Brooks
Federal/S.D. ID No. 24936
Texas Bar No. 24004563
55 Cove Circle
Brownsville, Texas 78521
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

**Attorney-in-Charge for Plaintiff**
**New Holland North America, Inc.**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

### Certificate of Service

I certify that on the 28th day of August, 2002, a true and correct copy of the foregoing motion was sent via **Hand-Delivery, Certified Mail–R.R.R.** and **Regular U.S.** mail to the following:

William Curran and
Atlantic Trading, Inc. d/b/a Tractor -Tex
4500 N. Expressway 77/83
Brownsville, Texas 78521

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.